IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RANDY BRANCH,**

    **Petitioner,**

**v.**                                                                                          No. 13-cv-0687 LH/SMV

**MARK GALLEGOS,**

    **Respondents.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMEND DISPOSITION

THIS MATTER is before me on Petitioner's Petition [Doc. 1], filed on July 25, 2013. On May 26, 2013, the Court referred the case to the undersigned for analysis and a recommended disposition. [Doc. 2]. Respondents filed a motion to dismiss on September 3, 2013. [Doc. 6]. Petitioner responded on September 12, 2013. [Doc. 8]. However, according to the Bureau of Prisons Inmate Locator, Petitioner was released from custody on September 27, 2013.[1] As a result, I find that the Petition should be denied as moot because Petitioner no longer has a redressable injury.

### Background

Petitioner brought his petition to challenge the loss of good-conduct-time credit. This loss was the result of a disciplinary action initiated against him for committing a prohibited act listed in 28 C.F.R. § 541.13. Petitioner was found to have violated BOP disciplinary code 112:

---

[1] *See* Inmate Locator, Federal Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Oct. 29, 2009). The Court takes judicial notice of Petitioner's release status, according to the BOP Inmate Locator. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (courts may take judicial notice of facts that are a matter of public record). Petitioner has also provided the Court with a change of address notice that lists a non-prison address. [Doc. 9].

"[u]se of any narcotics, marijuana, drugs, or related paraphernalia not prescribed for the individual by the medical staff." As a result, Petitioner lost 95 days of good-conduct time, [Doc. 6] at 11, which delayed his release from the originally anticipated date of July 9, 2013. [Doc. 1] at 1. The government and Petitioner agree that after the disciplinary action, Petitioner's projected release date was set for September 29, 2013. [Doc.8] at 2; [Doc. 6] at 11. The BOP Inmate Locator indicates that Petitioner was actually released on September 27, 2013.

### Legal Standard

Federal judicial power is limited by Article III, § 2, of the Constitution to "cases" and "controversies," and this limitation underpins both standing and mootness jurisprudence. *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000); *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 29 (2012). "A case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Rhodes*, 676 F.3d at 933 (internal quotation marks omitted).

Where a prisoner is released from custody, the release will moot a habeas petition unless the petitioner can demonstrate "collateral consequences"—something other than the now-ended incarceration that creates a continuing injury. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Rhodes*, 676 F.3d at 933. Historically, where a petitioner challenges the validity of his criminal conviction or the length of his sentence, collateral consequences have been presumed. *See Spencer,* 523 U.S at 8–14 (collecting cases). However, in other contexts, collateral consequences are not to be presumed, and the burden falls onto petitioner to demonstrate a continuing injury. *Id.* at 14 ("We . . . decline to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from petitioner's parole revocation."); *United States v.*

*Vera-Flores*, 496 F.3d 1177, 1181 (10th Cir. 2007) ("Where direct injury is absent and there is no presumption that collateral consequences arise from erroneous district court action, the appellant bears the burden of demonstrating sufficient collateral consequences to avoid dismissal for mootness.").

Furthermore, any collateral consequences presented by the petitioner must be more than speculative, and the injuries presented must be redressable. *Rhodes*, 676 F.3d at 933 & 935 (holding that a petition challenging the calculation of a prison sentence was moot because petitioner's arguments that the sentence length could affect the supervised release term were merely speculative); *Lucero v. McKune*, 340 F. App'x 442, 444 (10th Cir. 2009) (unpublished) (holding that petitioner's claim that his sentences were illegally increased was moot because petitioner had been released from custody and thus already received his requested relief). Arguments that a disciplinary action may be used against an individual at a future proceeding are generally too speculative to create collateral consequences. *Spencer*, 523 U.S. at 14–16 (holding that the impact of the challenged parole revocation on future criminal sentencing or parole revocation proceedings was too speculative to establish collateral consequences); *United States v. Meyers*, 200 F.3d 715, 722 (2000) (holding that the defendant failed to show sufficient collateral consequences arising from revocation of supervised release where he argued about possible future sentencing consequences).

## Analysis

In this case, Petitioner challenges the loss of good-conduct-time credit as the result of a disciplinary violation and sought immediate release. [Doc. 1] at 2. Because he has been released from custody, "to the extent that he seeks a shorter term of imprisonment, it is obviously no

3

longer possible to provide such relief." *Rhodes*, 676 F.3d at 933.  Since Petitioner has requested no other relief except immediate discharge from confinement and "release to probation authorities in accordance with applicable sentence authorities," [Doc. 1] at 3, there is no relief that a court could still provide to him.  Accordingly, Petitioner fails to present a redressable injury.

Additionally, Petitioner does not challenge the underlying criminal conviction or the length of the sentence imposed.  Accordingly, collateral consequences should not be presumed in this case, and Petitioner has the burden of showing that redressable collateral consequences exist.  Nothing in Petitioner's original briefing or the notice he filed after his release indicates that the disciplinary violation continues to create an injury redressable by this Court.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that the Petition [Doc. 1] be **DENIED** and that this case be **DISMISSED without prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**